GAF (OSTERREICH) GmbH, Plaintiff,

v.

DART CONTAINERLINE COMPANY LIMITED and Dart Containerline, Inc., Defendants.

DART CONTAINERLINE COMPANY LIMITED and Dart Container, Third-Party Plaintiffs,

v.

GAF INTERNATIONAL CORPORATION, Third-Party Defendant.

Civ. A. No. 80–709.

United States District Court, D. New Jersey.

Aug. 12, 1981.

---

John E. Olson, Newark, N. J., for plaintiff.

James L. Ross, Berkeley Heights, N. J., for defendant.

Jeffrey M. Kadish, Morgan, Melhuish, Monaghan & Spielvogel, Livingston, N. J., for third-party defendant.

## OPINION

WHIPPLE, Senior District Judge.

This is an action for damages by a shipper against a carrier of goods. The defendants, Dart Containerline Co., Ltd. and Dart Containerline, Inc., seek partial summary judgment limiting their potential liability for cargo damage and loss to a maximum of $500.00 per package as provided by 46 U.S.C. § 1304(5).[1] Plaintiff in its cross motion seeks to strike the affirmative defenses asserting defendants' limited liability.

The facts are undisputed. The cargo, the damage to which is the subject of this litigation, consisted of 75 drums of a plant regulator, with the trade name "Ethephon 100%." These drums were sold on FAS terms[2] by GAF International Corporation of New York to GAF (Osterreich) GmbH of Vienna, Austria. GAF Corporation of Edison, New Jersey, manufactured the goods and made arrangements with the defendants for shipment in a "house to house" container by ocean transport to Bremen, West Germany. On February 26, 1979, Global Terminal and Container Services, acting on behalf of defendants, tendered an empty 40 foot container to GAF Corporation. The container was loaded by GAF and on February 27, 1979, was returned to Global Terminals. A clean bill of lading was issued on February 28, 1979, indicating that the carrying vessel was the M.V. Dart Europe with the port of discharge to be Bremen, West Germany. The M.V. Dart Europe discharged the container at Hamburg and the defendants were to transport the container to Bremen by land transportation. However, while the container was being moved at the sea terminal in Hamburg the bottom right rail separated from the container causing plaintiff's drums to drop onto the pier and onto containers stowed below.

The sole issue presented in these motions is whether the package liability limitation contained in the Carriage Of Goods By Sea Act (hereinafter COGSA), 46 U.S.C. § 1304(5), is applicable.

1. 46 U.S.C. § 1304(5) states in part:
   ... Neither the carrier nor the ship shall in any event be or become liable for any loss or damage to or in connection with the transportation of goods in an amount exceeding $500 per package lawful money of the United States, or in case of goods not shipped in packages, per customary freight unit, or the equivalent of that sum in other currency, unless the nature and value of such goods have been declared by the shipper before shipment and inserted in the bill of lading. This declaration, if embodied in the bill of lading, shall be prima facie evidence, but shall not be conclusive on the carrier.

2. "Free alongside." The term is used in sales price quotations, indicating that the price includes all costs of transportation and delivery of the goods alongside the vessel. UCC ¶ 2–319(2).

COGSA limits the liability of ocean carriers for cargo loss or damage to $500.00 per package, unless a higher valuation is declared or a higher limitation figure is agreed upon. 46 U.S.C. § 1304(5). The defendants assert the benefit of this liability limitation because of the incorporation of COGSA in the bill of lading. Plaintiff contrarily argues that the loss occurred when the defendants furnished the defective container and thus prior to the time COGSA was operative.

COGSA applies to contracts of carriage by sea "to or from ports of the United States in foreign trade." 46 U.S.C. § 1312. Further, COGSA only applies from the time the goods are loaded to the time they are discharged from the ship. 46 U.S.C. § 1301(e). However, § 7 of COGSA permits the parties to extend the applicability of COGSA to periods prior to loading or subsequent to discharge. 46 U.S.C. § 1307. The parties in this matter explicitly extended the period of COGSA's coverage as evidenced by the Clause Paramount of the bill of lading. The Clause provides in part that COGSA will govern "at sea terminals before loading on and after discharge from the vessel." It is undisputed that the damage to plaintiff's goods occurred at the sea terminal in Hamburg, West Germany and thus within the time period when COGSA was applicable. No loss or damage occurred when the container was delivered to plaintiff nor at any time prior to the incident in Hamburg. If the Court accepted plaintiff's position it would circumvent an essential purpose of COGSA which was to strike a balance between the interests that sought to exonerate the carrier from all claims based upon his negligence and the interests who wish to hold carriers responsible for the consequences of any sort of negligence. *Croft & Scully Co. v. M/V Skulptor Vuchetich, et al.,* 508 F.Supp. 670, 680–682 (S.D.Tex.1981).

Accordingly, defendants' motion for partial summary judgment is granted and plaintiff's cross motion is denied.

Counsel for the defendants will submit an appropriate order within five (5) days.